United States District Court
Southern District of Texas
**ENTERED**
October 22, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| LARRY BRYANT, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:24-cv-00116 |
| § | |
| TEXAS CITY ISD, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

This is an employment discrimination case. Before me is a Motion to Dismiss filed by Defendant Texas City Independent School District ("Texas City ISD"). Dkt. 14. Having considered the parties' briefing, the record, and the applicable law, I **GRANT** the motion.

## BACKGROUND

The following facts are taken from Plaintiff Larry Bryant's Complaint. Bryant worked as a bus driver for Texas City ISD. He alleges that Texas City ISD discriminated and retaliated against him based on his religion and sex by terminating his employment on September 1, 2022, after he "would not readily ride in a car w[ith] an openly gay male." Dkt. 1 at 2. He also alleges that Texas City ISD discriminated against him for an unidentified disability.

Bryant first sued Texas City ISD in federal court on February 27, 2023. *See Bryant v. Texas City I.S.D.*, No. 4:23-cv-777 (S.D. Tex. Aug. 18, 2023). On July 21, 2023, Judge Keith Ellison dismissed Bryant's claims against Texas City ISD without prejudice.

On January 23, 2024, Bryant filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") concerning his September 1, 2022 termination. *See* Dkt. 1-1 at 7. The following day, the EEOC dismissed that charge as untimely. *See id.* at 2 ("The EEOC is closing this charge because your

charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge."). On April 25, 2024, Bryant instituted this lawsuit.

Texas City ISD has moved to dismiss this case for two reasons: (1) Bryant's claims are time-barred; and (2) even if the claims were timely, Bryant has failed to state a valid discrimination claim. I need only address the first reason. Bryant's claims are unquestionably time-barred. This case must be dismissed.

## LEGAL STANDARD

The Federal Rules of Civil Procedure allow dismissal if a plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a Rule 12(b)(6) motion, I may consider: (1) the pleadings and any attachment to the pleadings; (2) documents incorporated into the complaint by reference; and (3) documents that a defendant attaches to its motion to dismiss if those documents are referenced in the plaintiff's complaint and are central to the plaintiff's claim. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## ANALYSIS

Under Title VII of the Civil Rights Act of 1964, a plaintiff must exhaust his administrative remedies by filing a discrimination charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred." *See* 42 U.S.C. § 2000e-5(e)(1). The same is true for claims brought under the Americans with Disabilities Act ("ADA"). *See id.* § 12117(a). "Failure to exhaust is not a procedural 'gotcha' issue. It is a mainstay of proper enforcement of Title VII [and ADA]

remedies." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 272 (5th Cir. 2008). Dismissal is warranted under Rule 12(b)(6) where it is evident from the pleadings that a plaintiff failed to file a timely charge of discrimination with the EEOC. *See Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013).

Bryant alleges that he was terminated on September 1, 2022. *See* Dkt. 1 at 2. To be timely, Bryant must have filed a charge of discrimination with the EEOC by June 28, 2023 for any claims he wished to pursue relating to his September 1, 2022 termination. Texas City ISD has attached to its Motion to Dismiss Bryant's complaint from his first lawsuit against Texas City ISD. *See* Dkt. 14-1 at 2–4. According to that pleading, Bryant received a Notice of Right to Sue letter from the EEOC on October 3, 2022. *See id.* at 2. If true, then Bryant's first charge of discrimination was timely. Unfortunately for Bryant, Judge Ellison dismissed all claims flowing from Bryant's first charge of discrimination. *See* Order, *Bryant v. Texas City I.S.D.*, No. 4:23-cv-777 (S.D. Tex. July 21, 2023), ECF No. 20.

Bryant has attempted to "amend" his first lawsuit, writing in his complaint in *this* lawsuit:

> Having previously filed my complaint with US Court, I found it necessary to amend with a specific charge of "reverse sexual orientation discrimination["] and disability violation in the workplace.

Dkt. 1 at 4. But, as the Fifth Circuit "and other circuit courts have held in analogous circumstances, the second complaint does not relate back to the first complaint because the second complaint was not an amendment, but rather the commencement of a separate action." *Thompson v. Greyhound Lines, Inc.*, 574 F. App'x. 407, 409 (5th Cir. 2014); *see also Carter v. Tex. Dep't of Health*, 119 F. App'x. 577, 581 (5th Cir. 2004). Bryant's claims in *this* lawsuit stem from a charge of discrimination that he filed on January 23, 2024. *See* Dkt. 1-1 at 7. *That* charge of discrimination was filed nearly seven months *after* the expiration of the 300-day limitations period for claims stemming from Bryant's September 1, 2022 termination. Bryant's discrimination claims are thus time-barred. *See Mach*

*Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 487 (2015) ("An employee . . . may bring a Title VII claim only if she has first filed a timely charge with the EEOC—and a court will usually dismiss a complaint for failure to do so.").

The requirement to file an EEOC charge within 300 days after the alleged unlawful employment practice occurred "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). I have reviewed the record to see if I can find any reason that equity would dictate a different result here, but I have found none.[1]

In plain language: The law does not allow me to consider that Bryant's first charge of discrimination and first lawsuit were filed on time. In this lawsuit, I may consider only Bryant's second charge of discrimination filed on January 23, 2024. That charge of discrimination was filed too long after Bryant's September 1, 2022 termination. Thus, the law requires me to grant Texas City ISD's Motion to Dismiss.

## CONCLUSION

Because this lawsuit is based on an untimely charge of discrimination, I must dismiss this case with prejudice. Texas City ISD's Motion to Dismiss is **GRANTED**. I will issue a final judgment separately.

SIGNED this 22nd day of October 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] I reviewed both of Bryant's October 18, 2024 submissions to the court. *See* Dkts. 23, 24. Bryant may very well have been discriminated or retaliated against when Texas City ISD terminated him on September 1, 2022. Unfortunately, that does not change the outcome. The law says that this lawsuit was filed too late and must be dismissed. My hands are tied.